UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIKA RODRIGUEZ,

                Plaintiff,

      -against-                                      20-cv-3821 (LAK)

WHOLE WORLD WATER, LLC,

                Defendant.
------------------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff's attorney, Richard Liebowitz, has become quite well known for his failures to comply with court rules and orders, for having been sanctioned, and in a couple of cases for having lied to judges. *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), collects a number of these cases.[1]

        On July 23, 2020, in the wake of the *Usherson*, *Ward*, and *Rice* decisions, Mr. Liebowitz wrote to the Court in this case saying that the parties had agreed in principle to a settlement and requesting a 30-day order. The Court, concerned in light of Mr. Liebowitz's history as to whether he in fact had been retained by the plaintiff and authorized to sue and to settle, entered an order stating, in relevant part, the following:

> "On or before July 31, 2020, Mr. Liebowitz shall file (1) a personal affidavit or declaration **(a) stating whether and when the plaintiff in this case specifically**

---

[1] *See also, e.g.*, *Mondragon v. Nosdrak LLC*, No. 19-cv-01437 (CMA) (2020 WL 2395641 (D. Colo. May 11, 2020); *Ward v. Consequence Holdings, Inc.*, No. 18-cv-1734 (NJR), 2020 WL 2219070 (S.D. Ill. May 7, 2020); *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) ("In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."); *'Copyright Troll' Lawyer Sanctioned for Lying Under Oath*, 27 No. 07 Westlaw Journal Intellectual Property 09 (July 15, 2020).

**authorized him to (i) file this action and (ii) settle it, and (b) attaching any retainer agreement or other documentary evidence as to the foregoing,** as well as (2) a personal affidavit or declaration of the plaintiff **(a) stating whether and when the plaintiff in this case specifically authorized Mr. Liebowitz to (i) file this action and (ii) settle it, and (b) attaching any documentary evidence as to the foregoing.**"

On July 31, 2020, Mr. Liebowitz submitted two declarations, one signed by him and the other by plaintiff Erika Rodriguez.

The Liebowitz declaration asserts that "[o]n July 15, 2019, Plaintiff signed a retainer agreement with Liebowitz Law Firm, PLLC, ('LLF') in which Plaintiff authorized LLF to file copyright infringement lawsuits on his [sic] behalf." It goes on to state that Mr. Liebowitz filed *this action* on May 16, 2020 (10 months after the alleged date of the retainer agreement), that he notified plaintiff on May 16, 2020 that he had brought this action, and that Mr. Liebowitz had plaintiff's authority to settle the case. It attaches what Mr. Liebowitz claims are copies of the signature page of the retainer agreement and an email to Ms. Rodriguez notifying Rodriguez that he had brought this action.

Several points are notable about this declaration. First, Mr. Liebowitz did not comply with the Court's direction to submit the retainer agreement. The purported signature page reveals nothing whatsoever about the alleged retainer agreement, and Mr. Liebowitz did not submit any documentary evidence as to anything beyond this page and the notification email. Second, the purported retainer agreement was signed on July 15, 2019. This is more than six months before the alleged infringement in this case took place, which the complaint makes clear was January 24, 2020. Whatever the terms of the agreement may be – the Court does not know because Mr. Liebowitz failed to submit it, despite a clear order requiring him to do so – the agreement cannot possibly serve as evidence that "the plaintiff in this case specifically authorized him to (i) file this action and (ii) settle it."

The Rodriguez declaration avers that, "[o]n July 12, 2019,[2] [Rodriguez] personally signed a retainer agreement with Liebowitz Law Firm, PLLC ('LLF') in which [she] authorized LLF to file copyright infringement lawsuits on [her] behalf"; that Mr. Liebowitz "had [her] authority to file the present copyright infringement lawsuit as of March 12, 2020"; that Mr. Liebowitz notified her of the filing of this action on May 16, 2020 by email; and that Mr. Liebowitz had authority to settle the case. The declaration contains two exhibits, which are the same signature page and notification email attached to Mr. Liebowitz's declaration. It does not include any evidence supporting Rodriguez's claim that she gave Mr. Liebowitz permission to file this lawsuit on March 12, 2020 or to settle it at a later time.

This declaration raises additional questions. Mr. Liebowitz claims that he had

---

2

According to the purported signature page, Mr. Liebowitz signed the agreement on July 12, 2019 and Ms. Rodriguez signed it on July 15, 2019. While Rodriguez's assertion is thus incorrect, the error is inconsequential for present purposes.

authority to bring this action by virtue of the purported July 15, 2019 retainer agreement. Ms. Rodriguez, however, declares that Mr. Liebowitz "had authority to file the present . . . lawsuit as of March 12, 2020," thus implying that the retainer agreement of July 15, 2019 did not authorize the filing of this action. And Ms. Rodriguez, like Mr. Liebowitz, has submitted no documentation apart from the purported signature page and the May 16, 2020 email.

This Court's order of July 24 required – and still requires – production of the full retainer agreement or agreements and all documentary evidence with respect to Mr. Liebowitz's authority to bring and settle this case. That includes all emails, letters, notes and other writings or electronically stored information bearing on the retention, the scope of the engagement (including as it may have changed from time to time), and the settlement.

All of this material shall be filed by Mr. Liebowitz and Ms. Rodriguez no later than August 18, 2020.

SO ORDERED.

Dated:     August 11, 2020

_____
Lewis A. Kaplan
United States District Judge